**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TAMEKA PARKER, as mother and next fried of Marlon D. Shearer, a minor, : : : : | |
| Plaintiff, : : | |
| v. : : | CIVIL ACTION NO. 1:08-CV-3644-RWS |
| FELCOR LODGING TRUST, INC. a corporation d/b/a Sheraton Suites Galleria Hotel, ASSA ABLOY DOOR GROUP, LLC, and JOHN DOES 1-20, : : : : : : | |
| Defendants. : | |

**ORDER**

This case is before the Court for consideration of Defendant Felcor Lodging Trust, Inc.'s Motion for Summary Judgment [17] and Motion for Leave to File Affidavit [23]. After reviewing the record, the Court enters the following Order.

**Factual Background**[1]

---

[1] The Factual Background is taken from Defendant's Statement of Material Facts to which there is no issue to be tried [17-2]. Because Plaintiff filed no response to the Statement of Undisputed Facts, the facts are deemed admitted. L.R. 56.1B.(2)a.(2), N.D. Ga.

AO 72A
(Rev.8/82)

On July 31, 2005, Plaintiffs were guests at the Sheraton Suites Galleria Hotel ("Hotel"). They were assigned to Room 702. At approximately 12:30 a.m., Plaintiff Marlon Shearer placed his finger in a space between the door and frame of Room 702. The door closed on the finger amputating the distal tip of the finger above the bone. No hotel employee was present at the time the door closed. No hotel employee committed any act or failed to exercise any duty that resulted in the finger being placed between the door and the frame.

The tip of the finger was retrieved and placed on ice by a non-hotel employee security guard. He found the finger tip on the room side of the door where the hinges connect the door to the frame. (Aff. of Leonard Bishop [23-1] at ¶4.) The tip of the finger was given to the paramedics who took the finger tip, Plaintiff Marlon Shearer, and his mother to the hospital. The finger tip was successfully reattached.

The Hotel has a procedure whereby each hotel room is inspected by the engineering department on no less than three occasions per year. Room 702 had its scheduled inspection on May 10, 2005. Hotel rooms are also inspected almost daily by housekeeping staff. Room 702 was inspected by the housekeeping staff on July 30 and 31 and August 1, 2005 and no defective conditions or unsafe conditions were reported on those dates.

2

## **Discussion**

Defendant Felcor Lodging Trust, Inc. ("Felcor") filed a Motion for Leave to File Affidavit [23] seeking to supplement the Motion for Summary Judgment with the Affidavit of Leonard Bishop. Plaintiff filed no opposition to the Motion and it is therefore **GRANTED**.

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the

pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at

AO 72A
(Rev.8/82)

586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

Defendant Felcor asserts that it is entitled to summary judgment because Plaintiff has failed to show that a defective condition of the owner's premises was the proximate cause of the injury.  In support of its position, Defendant relies upon Beman v. Kmart Corp., 232 Ga. App. 219, 501 S.E. 2d 580 (1998) which has nearly identical facts to the present case.  In Beman, Plaintiff, who was blind, was exiting a restroom when she put her left had out to catch the door automatically closing behind her.  She mistakenly placed her fingers in the hinge-side jam and they were crushed by the door.  The Court held that Plaintiff placing her fingers between the door and its hinge-side jam was the proximate cause of her injury.  Even if there were a defect in the door, it did not cause the injury.  Therefore, summary judgment was awarded to Defendant.  The Court finds the facts of the present case to be indistinguishable from Beman.  Plaintiff has failed to point to any breach of duty on the part of Defendant Felcor that caused Plaintiff's injuries.

In her Response, Plaintiff asserts that the door should be found to be defective under the doctrine of *res ipsa loquitur*.  However, the elements of *res*

5

*ipsa loquitur* are: "(1) injury of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." Fender v Colonial Stores, Inc., 138 Ga. App. 31, 38, 225 S.E. 2d 691 (1974). In the present case, the negligence of Plaintiff clearly contributed to the injury. Thus, the doctrine of *res ipsa loquitur* does not apply.

Plaintiff also asserts that she should be permitted to pursue additional discovery before the Court rules on the Motion for Summary Judgment. Discovery was still open when the Motion for Summary Judgment was filed. Because of the Court's delay in ruling on the motion, Plaintiff has essentially had the benefit she requests. She has had an opportunity for additional discovery. However, though months have passed since the filing of the Motion for Summary Judgment, Plaintiff has not sought to supplement the record with any additional evidence. Therefore, the Court concludes that Defendant Felcor is entitled to Summary Judgment .

## Conclusion

Based on the foregoing, Defendant Felcor's Motion for Leave to File Affidavit [23] and Motion for Summary Judgment [17] are **GRANTED**.

6

**SO ORDERED**, this __14th__ day of September, 2010.


_____
**RICHARD W. STORY**
United States District Judge